## T. M. ANDERSON *v.* R. B. STILLE, Tutor.

The District Judge of the Parish in which the slaves are situated, has jurisdiction to try an action for their partition.

Plaintiff need not, in order to sustain a sequestration, swear that he fears defendant will conceal, part with, or dispose of, the property sequestered. It will be sufficient if he make oath of his interest in the property sequestered, and that he fears that defendant will send it out of the jurisdiction of the court during the pending of the suit.

APPEAL from the District Court of St. Landry, *Dupré*, J.

*J. L. King*, for plaintiff and appellant. *Swayze & Moore*, for defendant.

MERRICK, C. J. The plaintiff being the owner of the one undivided sixth part of the slaves in controversy, by the judgment of the District Court of St. Landry, brought the present action to effect a partition.

The slaves were in the possession of the defendant, in the Parish of St. Landry, and about being removed to the Parish of Sabine, where the defendant resides.

The plaintiff also sued out a writ of sequestration, to prevent the slaves from being removed beyond the jurisdiction of the court.

The defendant excepted to the plaintiff's action, which, being dismissed, plaintiff appealed.

It is contended, 1st. That the defendant's domicil being in the Parish of Sabine, this action ought to be instituted there; 2d. That no sufficient ground for the resort to the harsh remedy of a writ of sequestration, has been shown by the plaintiff in his affidavit.

On the first question, it is urged that the term "real property," used in Art. No. 165, No. 11 Code of Practice, is intended to embrace land; that the suit for a partition of slaves, is governed by the general rule, that one must be sued before the Judge having jurisdiction over the place where the defendant has his domicil.  C. P. 162.

A judicial construction was put by our predecessor upon the term, real property, as used in the Article 162, C. P., in the case of *Scott* v. *Bowles*, 3 Ann. 637, and it was there held, that "slaves being immovable by operation of law, plaintiffs had their election to institute an action for their recovery, either in the parish where the property was situated, or at the domicil of the defendant."

We see no reason why a different construction should be put upon the same words occurring in the article under consideration, which provides, that in matters relative to the partition of *real estate* between co-proprietors, the suit must be brought before the court of the place where such property is situated, though the co-proprietors may reside in different parishes.

We have not overlooked the language of the French text, *d'un bien-fonds*, but we think the English text, which is in accordance with Article 1304 of the Civil Code, should govern.  The article last cited from the Civil Code, is under the head of partition of successions, and is in these words:  "All the rules established in the present section, with the exception of what relates to collections, are applicable to partitions between co-proprietors of the same thing, where, among the co-proprietors, any are absent, minors, or interdicted, or where the co-proprietors of age, present, cannot agree on the partition and on the manner of making it.

*But in these kinds of partitions, the action must be brought before the Judge of the place where the property to be divided, is situated, wherever the parties interested may be domiciliated.*

The District Judge for the Fifteenth Judicial District, for Parish of St. Landry, had jurisdiction of the action of partition.

It is further contended, that the affidavit for the sequestration, is insufficient, and that it does assert that plaintiff feared that defendant would conceal, part with, or dispose of the slaves.

It was not necessary in this action, that the affidavit should show such apprehension.  It was sufficient, under the 2d paragraph of Article 275, of the Code of Practice, that the plaintiff should make oath of his interest in the property, and that he feared that the defendant would send the slaves out of the jurisdiction of the court, during the pendency of the suit.

No person can be compelled to hold property in common with others.  C. C. 1215.  The plaintiff had the right to institute his suit at any moment he saw fit, and having brought his action whilst the property of which he was a co-proprietor, was in the Parish of St. Landry, the jurisdiction of the District must be maintained.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed; that the defendant's exception be overruled; that the sequestration be maintained, and that this cause be remanded for further proceedings according to law, and that the defendant and appellee pay the costs of the appeal.